IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON, TEXAS

| | |
|---|---|
| CUONG NGUYEN,<br><br>        *Plaintiff*,<br><br>v.<br><br>BANK OF AMERICA, N.A.,<br><br>        *Defendant*. | Civil Action No: 4:22-cv-02502<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**NOW COMES**, Plaintiff Cuong Nguyen, ("Plaintiff"), by his attorneys, alleges and complains of BANK OF AMERICA, N.A., ("Defendant" or "BofA") and respectfully shows the Court the following:

**PRELIMINARY STATEMENT**

1. Cuong Nguyen ("Plaintiff" or "Mr. Nguyen") is a victim of identity theft.

2. The identity thief used Mr. Nguyen's Bank of America credit card (ending in xx-1541 which later changed to account number ending in xx-6186) "BofA Card" to make unauthorized charges in the amount of $23,030.56 (the "Unauthorized Charges").

3. Mr. Nguyen presented to BofA clear evidence that he did not authorize the charges.

4. Notwithstanding this evidence, and without legitimate basis, BofA continues to demand that Mr. Nguyen pay the Unauthorized Charges.

5. Mr. Nguyen brings claims against BofA for violations of the Fair Credit Billing Act, 15 U.S.C. § 1666, *et seq.* (the "FCBA"), the Truth in Lending Act, 15 U.S.C. §§ 1601, *et seq.* ("TILA"), and for declaratory judgment.

1

## JURISDICTION AND VENUE

6. The Court has jurisdiction pursuant to 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

7. Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367. Jurisdiction over Mr. Nguyen's claims for declaratory relief is conferred by 28 U.S.C. § 2201.

8. Venue is proper in this District because Mr. Nguyen resides in this District and Defendant regularly conducts business here.

## PARTIES

9. Plaintiff Cuong Nguyen is a natural person and residing in Sugar Land, Fort Bend County, Texas.

10. Mr. Nguyen is a "Consumer" as described in 15 U.S.C. § 1602(i).

11. Bank of America, N.A. is a national bank authorized to do business in the state of Texas.

12. BofA was, at all times relevant to this Complaint, a "creditor" as defined by 15 U.S.C. § 1602(g).

## FACTUAL ALLEGATIONS

13. In early 2020, a series of charges started appearing on Plaintiff's BofA card from merchants in California.

14. Additionally, the BofA card had the Plaintiff's address changed from 4530 Nassau Drive, Sugar Land, Texas 77479 to 9591 Decker Ave, Anaheim CA 92604.

15. On or about January 26, 2022, Plaintiff discovered the charges and called the same day to report the fraudulent activity on his BofA card to Defendant BofA. See copy of account summary attached as **Exhibit A**.

16. On or about March 17, 2022, BofA made a fraud dispute balance adjustment in the amount

of $1,003.20. See copy of account summary attached as **Exhibit B**.

17.     On or about March 18, 2022, BofA sent a letter to Plaintiff informing him of a temporary credit in the amount of $1,003.20. See copy of the letter attached as **Exhibit C**.

18.     On or about April 27, 2022, BofA made a fraud dispute balance adjustment in the amount of $23,030.56. See copy of account summary attached as **Exhibit D.**

19.     On or about April 28, 2022, BofA sent another letter to Plaintiff informing him of a temporary credit in the amount of $22,223.50. See copy of the letter attached as **Exhibit E**.

20.     On or about April 29, 2022, BofA sent Plaintiff a letter denying his fraud claim. See copy of the letter attached as **Exhibit F**.

21.     On or about May 11, 2022, BofA sent Plaintiff another letter to Plaintiff informing him that they re-evaluated his dispute and denied his fraud claim again. See copy of the letter attached as **Exhibit G**.

22.     On or about May 17, 2022, Plaintiff mailed BofA a written dispute, provided additional information, and attached an FTC Identity Theft Report signed by Plaintiff under the penalty of perjury, and a copy of his Texas driver's license. See copy of the dispute documents attached as **Exhibit H.**

23.     On or about June 13, 2022, BofA sent Plaintiff another letter to Plaintiff informing him that they re-evaluated his dispute and denied his fraud claim again. See copy of the letter attached as **Exhibit I**.

24.     On or about June 20, 2022, Plaintiff filed a complaint with the Consumer Financial Protection Bureau "CFPB".

25.     On or about July 20, 2022, Plaintiff supplemented his responses to the CFPB.

26. In sum, despite clear evidence that Mr. Nguyen did not authorize the fraudulent charges, BofA continues to unlawfully demand that Mr. Nguyen pay BOFA $23,406.00. for the Unauthorized Charges.

27. Mr. Nguyen's actual damages include the emotional and mental damages he has suffered and continues to suffer as a result of BofA's unrelenting efforts to collect these unauthorized charges.

## FIRST CLAIM FOR RELIEF
## FAIR CREDIT BILLING ACT ("FCBA"), 15 USC § 1666, *et seq*.

28. Mr. Nguyen repeats and re-alleges and incorporates by reference the foregoing paragraphs.

29. BofA did not conduct a reasonable investigation of the Unauthorized Charges.

30. A significant portion of the charges were made in Spain while Mr. Nguyen was not in the country.

31. Mr. Nguyen's purchasing history is inconsistent with the Unauthorized Charges.

32. Upon information and belief, the signatures on the receipts for the Unauthorized Charges will not match Mr. Nguyen's signature.

33. Mr. Nguyen has no knowledge of who used the card.

34. In short, any reasonable investigation of the charges would have resulted in their permanent removal from Mr. Nguyen's account.

35. BofA's actions and omissions as set forth above constitute violations of the FCBA. These violations include, without limitation:

    a. Unlawfully charging Mr. Nguyen for transactions he never authorized;

    b. Failing to adequately investigate the dispute and correct Mr. Nguyen's bill by permanently reversing the charges related to the transactions;

    c. Failing to send to Mr. Nguyen any reasonable explanation or clarification, setting forth the valid reasons why BofA believes Mr. Nguyen is liable for the

        Unauthorized Charges in light of the contrary evidence he had provided the bank; and

    d.    Failing to cease billing and collection activity upon notification by Mr. Nguyen that the account was disputed, including the wrongful imposition of "finance charges".

36. As a result of BofA's violations of the FCBA, Mr. Nguyen is entitled to actual damages, statutory damages, declaratory judgment that BofA has violated the statute, reasonable attorneys' fees, and costs.

## SECOND CLAIM FOR RELIEF
### TRUTH IN LENDING ACT, 15 U.S.C. §§ 1601, *et seq.*

37. Mr. Nguyen repeats and re-alleges and incorporates by reference the foregoing paragraphs.

38. Pursuant to 15 U.S.C. § 1643, a "cardholder" such as Mr. Nguyen is liable for the unauthorized use of a credit card only if, among other things, "the liability is not in excess of $50." 15 U.S.C. § 1643(a)(1)(B).

39. The unauthorized charges to Mr. Nguyen's card, in the amount of $23,406.00, exceed $50.00.

40. Even though Mr. Nguyen is not liable for the unauthorized charges under 15 U.S.C. § 1643, BofA has unlawfully attempted to hold Mr. Nguyen responsible for the unauthorized charges.

41. As a result of BofA's violations of TILA, Mr. Nguyen is entitled to actual damages, statutory damages, declaratory judgment that BofA has violated the statute, reasonable attorneys' fees, and costs.

## THIRD CLAIM FOR RELIEF
### Declaratory Judgment

42. Mr. Nguyen repeats and re-alleges and incorporates by reference the foregoing paragraphs.

43. Given BofA's continued demand that Mr. Nguyen pay the Unauthorized Charges and its

reporting, upon information and belief, of incorrect information to credit reporting agencies, BofA's conduct has created a real and reasonable apprehension of liability on Mr. Nguyen's part.

44. BofA's conduct constitutes a course of conduct that has brought Mr. Nguyen into adversarial conflict with BofA.

45. Mr. Nguyen did not authorize the disputed transactions and therefore does not owe BofA any money.

46. Mr. Nguyen is entitled to and hereby seeks a declaratory judgment that he is not liable for the charges in question.

## DEMAND FOR JURY TRIAL

47. Pursuant to Federal Rule of Civil Procedure 38, Mr. Nguyen demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE**, Mr. Nguyen seeks judgment in his favor and damages against Defendant as follows:

   A. Awarding Mr. Nguyen actual damages, statutory damages, punitive damages, reasonable attorneys' fees, and costs;

   B. Entering a declaratory judgment that Mr. Nguyen is not liable for the charges in question; and

   C. For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.

**Dated:** July 27, 2022                                              Respectfully submitted,

/s/ *Allen Robertson*

SHAWN JAFFER
SB 24107817
S.D. TEX. BAR NO. 3269218

ALLEN ROBERTSON
SB 24076655

ROBERT LEACH
SB 24103582
S.D. TEX. BAR NO. 3675312

JAFFER & ASSOCIATES, PLLC
5757 ALPHA RD SUITE 430
DALLAS, TX 75240
(T) 214.494.1871 (F) 888.509.3910
(E) ATEAM@JAFFER.LAW

ATTORNEYS FOR PLAINTIFF

7